W. R. D. PHIPPS *v.* JAMES MORTON, Admr., &c.

HIGH COURT: PRACTICE: BILLS OF EXCEPTIONS.—Where the bill of exceptions is taken to the judgment of the court below, in overruling a motion for a new trial; this court will not reverse the judgment for an error in the admission of improper testimony, unless all the evidence in the cause be set out in the record.

IN error from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

Morton sued Phipps, in detinue, for the recovery of a certain slave, alleged to be the child of a slave named America, which belonged to the plaintiff. The plaintiff had verdict and judgment. The defendant moved for a new trial, which being refused, he tendered a bill of exceptions, in which it is recited that on the trial, the plaintiff introduced one Beckworth, as a witness, who stated, that on one occasion, he had heard the defendant's wife say, that the slave in controversy, was the child of America. It is further recited in the bill of exceptions, that the defendant objected to the introduction of this evidence, and that his objection was overruled, and that he excepted. The bill of exceptions does not purport to set out all the evidence.

The defendant sued out the writ of error.

*Burrows* and *Dougherty*, for plaintiff in error.

*George B. Wilkinson*, for defendant in error,
Cited, *Terry* v. *Robins*, 5 S. & M. 291; *Wright* v. *Bank of Alabama*, 6 Ib. 251; *McRaven* v. *McGuire*, 9 Ib. 34; *Parr* v. *Gibbons*, 27 Miss. R. 375; *Binns* v. *Stokes*, Ib. 239; *The State* v. *Farish*, 23 Miss. R. 483.

FISHER, J., delivered the opinion of the Court.

The error assigned is, that the court below improperly refused to grant a new trial. The bill of exceptions, it is manifest, contains but a portion of the evidence, and the motion cannot, therefore, be considered in this court. It may be true as contended, that the court erred in admitting the evidence to go to the jury; but this is not the question on a motion for a new trial. The court must determine from the whole evidence whether the verdict is correct, notwithstanding the alleged error of the court on one point.

Judgment affirmed.